COVEY *v.* THE STATE, 8 Smedes & Marshall, 573.

### GRAND LARCENY.

#### MOTION IN ARREST OF JUDGMENT.

A motion in arrest of judgment is confined to defects upon the face of the record itself, and which make the proceedings apparently erroneous; and no defect in evidence, or improper conduct on the trial can be urged under this motion.

Error to Warren circuit court. COALTER, J.

The opinion of the court contains a sufficient statement of the facts of the case.

The plaintiff in error assigned as cause of reversal, the overruling by the court below of the motion in arrest of judgment, which motion was made on the following grounds, to wit:

1. Because the court, from inspection of the defendant, will find that he is a descendant from the African race, and therefore, *prima facie* a slave.

2. Because the indictment does not correctly describe the person of the defendant as a slave, a free man of color, and is therefore defective.

3. Because the court cannot pronounce the judgment of law upon a slave.

4 Because there is no evidence upon the trial rebutting the presumption of law that the defendant was a slave.

The motion was overruled by the court, and the defendant excepted. The defendant was sentenced to two years' imprisonment in the penitentiary. To reverse this judgment, the defendant now prosecutes this writ of error.

*E. G. Walker* for plaintiff in error.

1st. The plaintiff in error is a descendant of the African race, and *prima facie* a slave.

2d. The *descriptio personis* is not set out in the record.

All Africans are presumed to be slaves until the contrary appears.    Hudgins v. Wrights, 1 Henn. & Munn., 137, 141; Gregory v. Baugh, 2 Leigh, 696; 7 ib., 448, 451; Pollock on Slavery, 406, notes and cases cited.

As to who is deemed a mulatto, see How. & Hutch., 137, § 12. Free negroes are to be registered.   See How. & Hutch., 168, § 51; ib., 176, § 81. As to how free negroes are to be tried, see How. Hutch., 737.

*J. D. Freeman*, attorney general.

It does not appear that any person claimed the prisoner as a slave.   His own declarations on this subject, together with the fact that he was at large in the community without the guardianship or restraint of any one, was evidence which he had no right to object to.   The presumption of slavery arising from color was rebutted by his own declarations and the absence of any master or owner.   The *profert* of a colored skin was not sufficient to rebut this evidence, and hence he was properly sentenced. Had he proved himself to have been a slave, he would not have been the less guilty, but his presentment would have been different.

THACHER, J.:

This was an indictment for larceny, preferred against Charles Covey by the grand jury of Warren county. The defendant below pleaded not guilty, and the jury found a verdict of guilty, as charged in the indictment. Upon being brought to the bar for sentence, the defendant pleaded in arrest of judgment, and

assigned the following reasons, to wit: First, because the court, from inspection of the defendant, will find that he is a descendant from the African race, and therefore, *prima facie* a slave. Second, because the indictment does not correctly describe the person of the defendant as a slave or a free man of color, and is therefore defective. Third, because the court cannot pronounce the judgment of the law upon a slave. Fourth, because there was no evidence upon the trial rebutting the presumption of law that the defendant was a slave.

A motion in arrest of judgment is confined to defects apparent upon the face of the record itself, and which make the proceedings apparently erroneous; and therefore no defect in evidence, or improper conduct on the trial can be urged under this motion.[1] 1 Chit. C. L., 661; Barbour's C. T., 330. The grounds upon which the motion in arrest of judgment in this case is made have clearly reference to matters *dehors* the record, and even if the motion was improperly overruled upon their intrinsic merits, which is very questionable, it was rightly overruled upon the principles of law governing such motions.

Judgment affirmed.

[1] Wharton Am. Cr. Law, 3043–45; Whitehurst v. Davis, 2 Hay, 113; 1 Sid., 65; 1 Salk., 77, 315; 1 Lord Raymond, 281; 4 Burr, 2287; Horsey v. State, 3 Harris & Johns., 2; Commonwealth v. Linton, 2 Va. Cases, 476; Commonwealth v. Watts, 4 Leigh, 672; State v. Allen, Charlton, 518; Newbell v. Adams, 8 Taunt., 335; Rex v. Ramsbottom, 5 Price, 447; Carter v. Bennett, 15 How., P. C., 354; United States v. Hammond, 1 Cr. C. C., 15; United States v. White, 5 ib., 73; United States v. Peaco, 4 Cr. C., 601.